PER CURIAM.
Cornell Guthrie appeals his probation revocation and sentence. We affirm Guthrie’s revocation of probation and sentence, but remand upon the appellee State of Florida’s proper confession of error that the revocation and sentencing orders fail to conform to the trial court’s findings and oral pronouncements.
Guthrie was charged with various offenses, including the offense of second degree murder, attempted murder, and unlawful possession of a firearm, and burglary of an occupied dwelling with assault. Guthrie entered into a plea agreement and was sentenced to concurrent terms of ten years imprisonment to be followed by three years probation. Guthrie violated his probation and the court subsequently suspended the entry of sentence on the charge of unlawful possession of a firearm, and re-sentenced him to jail to be followed by four years of probation.
Guthrie again violated his probation and was charged with lewd and lascivious assault on a child, battery, and false imprisonment. An amendment affidavit subsequently dropped the false imprisonment charge and Guthrie was found guilty of lewd and lascivious assault on a child. Guthrie was sentenced to life imprisonment with credit for all the time served in prison.
*821 The trial court’s April 27, 2000 order of revocation of probation, however, erroneously indicates that Guthrie committed the offense of false imprisonment. The sentencing orders erroneously fail to provide Guthrie with credit for prison time served prior to Guthrie’s first probation violation, and for time served while he waited for the hearing on his second probation violation. The sentencing orders also erroneously reflect that Guthrie was sentenced to life imprisonment on the charge of unlawful possession of a firearm.
We therefore remand only for the correction of the orders of revocation and sentence.